## Sutro v. Hoile.

REPLEVIN: *Possession.* A party from whose possession personal property is taken in replevin may challenge the plaintiff's title, and defeat it by showing property in a third person.

———: ———. In a case of contract of sale of personal property, possession may be recovered from the vendees in certain events while the right of property remains in the vendors; but, when the right of property has passed to the vendees, possession, being once complete in them, cannot be resumed.

DELIVERY OF PERSONAL PROPERTY *on sale.* If personal property be contracted to be sold, the vendee agreeing to do some act upon delivery, possession obtained by him without performance does not vest the title in him.

———: *Waiver.* When goods are sold on condition of being paid for on delivery in cash or commercial paper, an absolute and unconditional delivery by the vendor, without exacting performance, is a waiver of the condition; and complete title passes to the vendee if there be no fraudulent contrivance to obtain possession.

———: ———. Although usual, it is not necessary that the vendor should declare that he does not waive the condition, when the delivery is made without its performance.

STOPPAGE IN TRANSITU: *Definition.* The term *transit,* as used in the law relative to the right of the creditor to retake goods sold before delivery, is not confined in its meaning to the passage of the goods through the country, but includes their situation in every stage, from the time of passing out of the control and possession of the vendor into that of the vendee.

———: ———. The accident of place is not a material circumstance; but the immediate relation of the parties to the goods is rather to be considered.

———: B and A, merchants in Omaha, ordered, through plaintiff's agent, goods of him, agreeing to give their notes at four months; and the defendant, as marshal, was in possession of their store on

Sutro *v.* Hoile.

delivery of the goods. B and A had filed petition in bankruptcy at arrival of goods, which were delivered to him by an expressman, without the presence or direction of the plaintiffs, or knowledge of B and A, and without delivery of the notes of B and A. *Held,* that the right of stoppage remained in plaintiffs, notwithstanding delivery to the defendant.

This was a petition in error, filed to review a judgment of the District Court for Douglas County. The facts are fully stated in the opinion.

*Redick & Howe,* for plaintiffs in error.

I. There was such a delivery of the goods as defeated the right of stoppage *in transitu* of Sutro & Newmark. *Biggs et al.* v. *Barry et al.,* 2 *Curtis,* 259.

The stoppage must be while *in transitu,* and before goods delivered at destination. *Congers* v. *Emis,* 2 *Mason, C. C. R.,* 236 ; *Opinion by Judge Story,* 2 *Kent,* pp. 539 and 544, 545 ; *Dixon* v. *Baldwin,* 5 *East's R.,* 175 ; 4 *Esp. R.,* 82 ; *Barret & Goddard,* 3 *Mason C. C.,* 107, where goods even remained in hands of vendor, being marked and set off, &c.

If consignments are landed at wharf, or put in warehouse, the *transitu* is at an end. 2 *Kent,* 243, and cases cited.

*Buckley* v. *Fariness,* 15 *Wend.,* 137 : " The goods must come to the actual possession, or to the end of their journey," says the Court.

*Covell* v. *Hitchcock,* 23 *Wend.,* 611 : " The law appears to be well settled, that the right of stoppage terminates whenever the goods are or have been either actually or constructively delivered to the vendee. A delivery to a general agent is, of course, tantamount to a delivery to himself."

The idea that goods must come to corporal touch of

vendee is exploded. 2 *Kent*, 544; *Hoson* v. *Tibbets*, 13 *Wis.*, 79.

In the case at bar, the goods had been taken away by an expressman. Was he the agent of consignor? When he took possession of goods in his usual way, the delivery was complete, if indeed not before. Does it not show, that, at the place where he obtained them (warehouse), they were " *subject to the order* " of Bemis & Abbott?

*Sawyer* v. *Joslyn*, 20 *Vt.*, 172 : " The right of stoppage *in transitu* ceases whenever the goods, in pursuance of the original destination, have come into either the *actual* or *constructive* possession of consignee." " When goods are landed at wharf, the *transitu* is ended." *Ibid.*

" The deposit of goods in a warehouse, ' subject to order ' of consignee, is an executed delivery, *as effectual to defeat the right of stoppage* in transitu *as though actually deposited in warehouse of buyer* " (*Frazier* v. *Hilliard*, 2 *Strobh*, 309). *Hinkey* v. *Earle*, 8 *Ellis & B.*, 410 ; *Lane* v. *Robinson*, 18 *B. Mon.* (*Ky.*), 623.

" If goods are consigned to a certain place, and are there subject to order of consignee as to their future destination, the *transitu* is ended." *Hays* v. *Mourill*, 2 *Harris*, 48.

II. The failure to give the promissory notes was no reason for rescinding or avoiding the sale. *Biggs* v. *Barry*, 2 *Curtis*, 259 ; *Lord* v. *Goddard*, 13 *How.*, 198 ; *Commonwealth* v. *Eastman*, 1 *Cush.*, 221 ; *Chaplin* v. *Hoogs*, 1 *Gray*, 172 ; *Ives* v. *Howland*, 8 *Metc.*, 377.

*A. M. Henry*, for defendant in error.

I. There was no such delivery of the goods to Bemis & Abbott as to deprive the plaintiff of their right of stoppage *in transitu.*

SUTRO v. HOILE.

The delivery must be made directly to Bemis & Abbott, or constructively by delivery to their agents. Hoile was not in possession of the store as agent of Bemis & Abbott: therefore a delivery to him was not a delivery to Bemis & Abbott. *Williams on Pers. Prop.*, p. 98, *note; Edwards on Bailment*, p. 537; *Parsons on Merc. Law*, p. 62; *James on Bankruptcy*, p. 56; *Story on Sales*, p. 273; *Mottram* v. *Heyer*, 5 *Denio*, p. 629; *O'Neil* v. *Garrett*, 6 *Iowa*, p. 484; *Buckley* v. *Furness*, 15 *Wend.*, p. 137; *Covell* v. *Hitchcock*, 23 *Wend.*, p. 611; *Naylor* v. *Dennie*, 8 *Pick.*, p. 198; *Stubbs* v. *Lund*, 7 *Mass.*, p. 453; *Cox* v. *Burns et al.*, 1 *Iowa*, p. 64; *Aguirre* v. *Parmalee*, 22 *Conn.*, p. 473; *Druath* v. *Broomhead*, 7 *Barr.*, 301.

II. Said goods were not, at the time this suit was brought, assets of Bemis & Abbott.

1. They were the property of Bemis & Abbott, only as subject to the right of stoppage *in transitu* in Sutro & Newmark, the vendors.

2. The right of property, as well as the right of possession, in said goods, vested at once in Sutro & Newmark, when demand was made upon Hoile; and,—

3. As demand was made before suit was brought, the said goods were not assets of said bankrupt.

III. 1. When one of two contracting parties fails to fulfil his part of the contract, the other party may consider the contract at an end, and act accordingly. When Bemis & Abbott failed to give their note as agreed, the other party, Sutro & Newmark, were released from their contract; to wit, the delivery of the goods.

2. When one of two contracting parties puts himself in a position to be incapable of fulfilling his part of the contract, the other party may rescind the contract. When Bemis & Abbott filed their petition in

bankruptcy, they put themselves in a position to be incapable of fulfilling their part of the contract; and therefore it was left optional with the other party, Sutro & Newmark, to complete sale by delivery or not. *Parsons on Contracts*, vol. ii. p. 191, *N.; James on Bankruptcy*, pp. 36, 37, 40, and 56; *Story on Sales*, pp. 371, 389.

CROUNSE, J.

This is a case of replevin tried in the District Court for Douglas County. The trial was had before the court without a jury; and judgment given for the plaintiffs there, Sutro & Newmark. These facts appear: On the 18th of February, 1870, Bemis & Abbott of Omaha, through a travelling agent of Sutro & Newmark doing business in New York, ordered from the latter a quantity of cigars at a price agreed upon, and for which they were to give their note payable in four months. Before the arrival of the cigars, and on the 14th of March, Bemis & Abbott filed with the register in bankruptcy their petition asking to be declared bankrupts; and the 6th of April was the time fixed for the meeting of creditors and the election of an assignee. On or about the 21st of March, an expressman brought the cigars to the store lately occupied by Bemis & Abbott, which, together with the goods of Bemis & Abbott, was in possession of Hoile, who was claiming to hold as United-States marshal under a warrant issued by the register. Bemis & Abbott never gave, or offered to give, their note in payment for the cigars: they never received them personally, or ever assumed to exercise any control over them. A short time after the arrival of the cigars, they were demanded of Hoile, who refused to give them up. Beyond that of naked possession, I believe it is not claimed that Hoile

SUTRO v. HOILE.

had any interest in the cigars in question; nor do I see
how he could have. He was neither agent of Bemis &
Abbott, nor assignee in charge of their assets. What
authority there was for issuing the warrant by the
register is not shown. But, with mere possession in
himself, he could challenge the plaintiffs below to show
a better title, and could fortify himself by establishing
property in third persons. This he did by attempting
to show that the cigars were among the assets of Bemis
& Abbott. In other words, while having no individual
right to the property himself, he sought to protect his
possession, and defeat Sutro & Newmark from recover-
ing the cigars they had lately owned in New York, by
asserting property through those who had never paid nor
offered to pay any thing, and who were able to pay
nothing for them. The technical rule of law which
can sustain a claim so opposed to equity and common
justice should be made very clearly to apply. One of
the express conditions upon which this sale was made
was, that the vendees were to give their note payable in
four months. Another condition, attaching as strongly
as though expressed in the most explicit language, was,
that the note should be that of Bemis & Abbott solvent,
and not bankrupts; and, although we may naturally
surmise that the failure of Bemis & Abbott was the im-
mediate occasion or inducement for the proceedings of
Sutro & Newmark to recover the cigars, their right to
insist on the former condition is not to be prejudiced by
such consideration. Two points are thus presented, —
one going to the right of property, and the other to the
right of its possession, — both involving a consideration
of the questions of delivery to the vendees. In the one
case, with the right of property still vested in the vend-
ors, possession may in certain events be recovered from
the vendees; while, when the right of property has

passed to the vendees, its possession cannot be resumed when once complete in them. In whom was the right of property, then, when the demand was made of Hoile?

No time appears to have been fixed for the giving of the note. This must be referred to the law, then, which says payment and delivery are concurrent acts. 2 *Kent,* 496. None was given, and none offered, when the goods came to Hoile's hands. Counsel seek an apology for this in the testimony of Abbott, one of the vendees, who says he expected the note to be sent with the invoice of goods. He swears, however, that the giving the note was an express agreement; and in this he concurs with the other witness : and, although he may have " expected " the note to be drawn and sent, that circumstance is too small and unsubstantial to weigh here. The signing and returning of the note is the important circumstance. That has never been done or proposed since the receipt of the goods. But, it is said, permitting the goods to come into the store without insisting on this condition was a waiver of it. I am not unmindful of the rule, that, when goods are sold on condition of being paid for on delivery in cash or commercial paper, an absolute and unconditional delivery of the goods by the vendor, without exacting at the time of delivery a performance of the condition, is a waiver of the condition of the sale ; and a complete title passes to the purchaser, if there be no fraudulent contrivance on the part of the latter to obtain possession. 2 *Kent,* 296 ; *Chapman* v. *Lathrop,* 6 *Cow.,* 110 ; *Smith* v. *Dennie,* 6 *Pick.,* 262 ; *Smith* v. *Lynes,* 1 *Seld.,* 41 ; *Lupin* v. *Marie,* 6 *Wend.,* 77. Whether the delivery is absolute or conditional must depend on the intent of the parties at the time the goods are delivered. *Furniss* v. *Hone,* 8 *Wend.,* 256. It is usually signified by refusing to deliver the goods without an immediate compliance with the con-

SUTRO v. HOILE.

dition. *Lupin* v. *Marie*, *supra*. Yet, though important, it is not absolutely imperative that the vendor declares that he does not waive any condition of the sale at the time of delivery to the vendee. *Smith* v. *Dennie*, 6 *Pick.*, 262 ; *Smith* v. *Lynes*, 1 *Seld.*, 45. The situation of the parties, the nature of the transaction, the presumption in favor of honest dealing, and like considerations, may be entertained in determining whether any of the conditions of the sale have been waived. When the contracting parties are present, the vendor may cling to his goods till the payment is made. Here it was not practicable for the vendors to give open and positive expression to their determination to insist upon the giving of the note before allowing possession of the property to go to Hoile. They were warranted in presuming, on the honesty of Bemis & Abbott, that their note would be returned according to agreement. To presume otherwise would be to impute fraud to Bemis & Abbott : for where payment is expected simultaneously with delivery, and is omitted, evaded, or refused by the vendee on getting the goods under his control, such delivery is but conditional ; and the non-payment would be an act of fraud, entering into the original agreement, which would render the whole contract void, and the seller would have a right instantly to reclaim the goods. 2 *Kent*, 497. There is nothing in the case to raise a suggestion that Sutro & Newmark ever designed to waive the giving of the note. In *Smith* v. *Dennie*, *supra*, goods were sold on the express condition that the vendee should give an indorsed note for the price. The clerk of the vendor delivered the goods to the vendee without any reference to the condition ; and they remained with him eight days, during which time no demand was made for the note or goods. It was there held that there was a waiver of the condition.

13

SUTRO v. HOILE.

Chief Justice Parker, in giving the opinion of the Court, says, " There is nothing in the case from which an intention to hold on, upon the condition, can be inferred; no declaration at the time, which, though not necessary, is important; and no call for security until it was forgotten or abandoned; and perhaps never would have been recurred to if the goods had not been attached." In that case the parties were present at the time of delivery; and though, in the language of the judge, " not necessary," yet it was " important " to insist upon the condition of sale. Here the parties were hundreds of miles apart, and the goods and note to be exchanged by public carriers and the post. There the property passed immediately into the hands of the vendee, who was allowed to retain it, till other parties, acting on the belief that it was his, proceeded to attach it. Thus the cigars never came into the hands, or under the personal control, of the vendees: the rights of no third parties had attached, nor was any one induced to act because of such possession, before the vendors sought to recover the property. A demand was made upon Hoile as promptly as could be expected under the circumstances, and should have been complied with. For these reasons, the judgment of the Court below is right.

But viewing the sale as for credit simply, and the case one where the right of stoppage *in transitu* is sought to be exercised by the vendors, — and this was the theory upon which the discussion mostly proceeded in this Court, — I am far from the opinion that they should not recover on this ground. In view of the conclusion I have expressed upon the other branch of the case, I deem it unnecessary to discuss this at any length; much less to examine the numerous cases cited, and attempt to reconcile them or apply them to this.

The cases are so numerous, and so various in their facts, that it is not surprising that some apparent or real confusion should exist among them. It will be found simpler to keep in view the rule, and the reason of it, than to wander off into the field of cases.

Strong, J., in *Harris* v. *Pratt* (17 *N. Y.*, 263), says, " The right of stoppage *in transitu* on a sale of goods on credit arises when the vendee becomes insolvent after the sale, and before the goods have been actually delivered to him, or to his agent for him, having some authority in respect to the goods unconnected with their transit, as to keep or dispose of them. The basis of this right is, that the insolvency of the vendee was not contemplated by the vendor in the sale ; and that it is plainly just that he should, on account of that unforeseen event, endangering the loss of the price to · be paid, be permitted to reclaim the goods, and keep them as security for payment at any time before a delivery terminating their transit. The right is limited to that period, and ends with such a delivery. It is a right, which, from its equitable nature, is regarded with favor ; and the rules relating to it are applied with great liberality to the vendor, in furtherance of justice." Transit, as here used, and as is understood by its use in the books, is not confined in its meaning to the passage of the goods through the country, as from New York to Omaha, but includes their situations in every stage, from the time of passing out of the control and possession of the vendor into that of the vendee. The accident of place is not a material circumstance ; but the immediate relation of the parties to the goods is rather to be considered. Had Bemis & Abbott intercepted the goods at Chicago instead of Omaha, the right of stoppage *in transitu* would have ended there. 2 *Kent*, 547. So, if, before the goods had reached Omaha, Bemis & Abbott had removed

to Cheyenne, the right of stoppage would not have terminated with Omaha, even though the goods had been received and forwarded at Omaha by some person acting under the direction of Bemis & Abbott. *Harris* v. *Pratt*, 17 *N. Y.*, 249. So, while in the same warehouse, the delivery of the vendor's key to the vendee, paying the vendor rent for the goods left there, lodging with the warehouseman the order of the vendor, marking the goods by the vendee, are all circumstances to show that it is not the particular place, but that it is the possession or control given or taken by the parties, which determines the point where the transit may be considered complete. Again: suppose Bemis & Abbott to have been removed to some other part of the town when the goods arrived: can it be contended that the mistake of some ignorant expressman in leaving them at their old store, but which was then in possession of a stranger to both parties, is a delivery to Bemis & Abbott? If I am right in these several propositions, it is but one step to the case before us. Here the goods never reached the vendees; in fact, they never knew of their arrival even, from what I can gather from the record. No one acting for them ever received them. But Hoile, who seems to have intruded upon the premises to the exclusion of Bemis & Abbott and all others, uses them as a trap or net to catch all that comes that way. Had he been out of there, Bemis & Abbott would not have received the goods, in all probability; and Sutro & Newmark might have repossessed themselves of them before their right to do so was gone; Hoile being in no sense the agent of Bemis & Abbott, and the cigars never having been actually delivered to the vendees, or to their agent for them, having some authority in respect to them unconnected with their transit, or to keep or dispose of them." This case falls within the rule I have

SUTRO *v.* HOILE.

cited, permitting the vendors to resume possession of the goods.

The judgment of the Court below should be affirmed.

Judgment affirmed.