LEIGHTON & BROWN, PLAINTIFFS IN ERROR, V. MARTHA E. STUART, DEFENDANT IN ERROR.

**Replevin:** ISSUES: ALLEGATIONS IN PLEADING. In an action of replevin the plaintiff alleged property in Z. C. H., and mortgage from Z. C. H. and W. W. H. Defendants justified the taking upon judgment and execution against W. W. H., and sale thereon by a constable to themselves. Trial to the court, who found, as matter of fact, " that all the hogs specified in the order of replevin were the property of W. W. House, and not of Zeruah C. House, at the time of the levy of the execution of Leighton & Brown, and that 20 of said hogs were subject to the chattel mortgage of the plaintiff, said 20 hogs averaging 175 pounds each. The court also finds the right of property and the right of possession of 20 of the hogs replevied averaging 175 pounds each, which are of the value of $122.50, in the plaintiff, and assess her damages for wrongful detention at 10 cents. And the court finds that the defendants, Leighton & Brown, had the right of property and right of possession in 14 of the hogs replevied, weighing 100 pounds each, and that they are of the value of $49," &c. *Held*, that such judgment was not sustained by the finding.

ERROR to the district court of Lancaster county. Tried below before POUND, J.

*Burr & Stein* and *J. R. Webster*, for plaintiffs in error.

The question here was, had the plaintiffs below a special property as the mortgagee of Zeruah C. House? *Rogers v. Arnold*, 12 Wend., 30, 35. If the issue as to the property of the plaintiff is either not found at all, or is found for the defendant, the plaintiff cannot have judgment. 2 Gr. Ev., sec. 563. *Bemus v. Beckman*, 3 Wend., 667, 672. *Rogers v. Arnold*, 12 Wend., 30, 34. Plaintiff must recover on the strength and validity of his own title and right to possession. *Kennedy v. Shaw*, 38 Ind., 474.

*Brown, Marshall & Caldwell,* for defendant in error. (See opinion for argument on the question passed upon by the court.)

COBB, J.

Plaintiffs in error admit that they have failed to assign errors in the admission or rejection of testimony at the trial, either in their motion for a new trial or their petition in error, so as to render any such errors available in this court. Our field of inquiry is thus narrowed down to the two questions, was there sufficient testimony before the court, either rightfully or wrongfully so, to sustain the findings of fact, and do such facts sustain the judgment? In examining this question let us first see what are the issues in this case. In her petition the plaintiff below sets out but two—certainly not to exceed three—facts upon which issue could be taken by the defendants. First, her special interest in the property as mortgagee thereof, and second, her right to immediate possession by virtue of said mortgage, and third, the detention of said property by Alexander, the original defendant. The defendants (plaintiffs in error), having obtained leave to defend, take issue on each of these points by a general denial. They also tender other issues to the plaintiff by their answer in the nature of a special plea, and in a somewhat ambiguous manner allege property in the hogs in question in W. W. House, their execution defendant, and set out judgments and executions against W. W. House, the levy upon and sale of the property, and its purchase at such sale by themselves.

All of the answer, except that part which sets up the recovery of judgments by the defendants Leighton & Brown (plaintiffs in error) against W. W. House, the

issuing of executions upon such judgments and proceedings thereon, and the purchase by the plaintiffs in error of the said property at execution sale, is denied by the plaintiff (defendant in error) in her replication. She also, in her said replication, in a manner sets up property in the said hogs in Zeruah C. House, her mortgagor. This allegation is considered as denied under the statute. So we find presented to the court below two issues—*first*, property in Zeruah C. House, and special property in plaintiff under her; *second*, property in W. W. House, with title in defendants Leighton & Brown, through legal process under him. The court find each of these issues for the defendants, and had the judgment of the court been given in accordance with the finding it would have been necessary for us to examine the testimony and see whether it is sufficient to sustain the findings. But there can be no propriety in such examination when the judgment is directly contrary to the finding.

An examination of the testimony, however, shows very clearly that there were two questions litigated in the case, and only two, namely: the general ownership of the property, whether in Zeruah C. House or W. W. House, and the sufficiency of the chattel mortgage produced in evidence, both in respect to the description of property and the refilings of the instrument. Both the pleadings and the testimony go upon the theory that the last point rests upon the first. If the property was in Zeruah C. House it was only necessary to show a valid mortgage from her to plaintiff to establish the plaintiff's right to recover. But the court having found that the property never was in Zeruah C. House, we examine the pleadings in vain for a theory upon which the judgment can be sustained. The defendant in error, in her brief of counsel, states the case as follows:

"The allegations of the pleadings indicated in the statement *supra* show three grounds for the claim of Martha E. Stuart: first, the mortgage interest; second, the ownership in Zeruah C. House; and third, the former adjudication under a trial of the rights of property. The court having refused to entertain the last allegation it was therefore elided, and there remain the allegation of ownership in Zeruah C. House, and the mortgaged interest derived from Mr. and Mrs. House. It is true the plaintiff failed in the opinion of the court to sustain the allegation of ownership in Zeruah C. House, but did sustain the allegation of the mortgage interest. Had the court found the ownership in Zeruah C. House it was a defense in itself as against Leighton & Brown, for they only claimed the property as creditors of W. W. House, and a wife's property would not be subject to execution for her husband's debts. Had Martha E. Stuart relied on this branch of her claim alone and failed, then the case of 2 Neb., 186, would be applicable; but the real and only issue of the pleadings is the mortgage interest, which was sustained as alleged. It was really superfluous pleading in any event to allege ownership in this case, for reliance was placed only on the mortgage and not the ownership, and the allegation of ownership might be stricken out and still the pleadings allege a good cause of action. The pleadings are therefore evidently sufficient."

I cannot agree with counsel in this position. A mortgage from any other person than the owner of the mortgaged property would convey no rights. A plea setting up title through a mortgage without alleging ownership in the mortgagor, or through a deed without an allegation of title in the grantor, is demurrable, and evidence of title, without going back to the source of title, is insufficient.

It is quite obvious that the plaintiff below had not entire faith in the validity of the mortgage. Accordingly she studiously avoided alleging property in W. W. House lest she might thereby, in the event of the mortgage being held invalid by the court, be held to to have admitted the right of defendants below under their judgment and execution. So she chose to rely upon her allegation of property in Zeruah C. House, and necessarily made it, as I think, the chief corner stone of her suit, and when the court found against her on the issue made upon that allegation—if pleadings and issues are to count for anything—she is left without a foundation for her judgment to stand upon, and it must be reversed.

REVERSED AND REMANDED.