Stuart v. Alexander.

MARTHA E. STUART, PLAINTIFF IN ERROR, V. WILLIAM ALEXANDER ET AL., DEFENDANTS IN ERROR.

Chattel Mortgage: JUDGMENT CREDITOR OF MORTGAGOR. In November, 1876, a chattel mortgage upon personal property, including "sixty hogs of an average weight of 175 lbs. each," was executed by H. and wife to S. The mortgage was duly filed for record, and before the expiration of a year was refiled. In December, 1877, an attorney, agent for L. & B., caused an execution on a judgment in their favor against H. to be levied upon the hogs in question, and they were sold as his property, and purchased by them. Their attorney and agent, who went upon the ground, pointed out the property, and directed a levy thereon, having actual as well as constructive notice of the mortgage to S. *Held*, That S. was entitled to the possession as against L. & B., the debt secured by the mortgage being past due.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown & Ryan Brothers* and *A. J. Sawyer*, for plaintiff in error.

*L. C. Burr* and *J. R. Webster*, for defendants in error.

MAXWELL, J.

This case was before this court in 1880, and is reported in 10 Neb., 224. The cause being remanded, the plaintiff amended her petition, and issue was joined thereon. On the trial of the cause in the district court a verdict was returned in favor of the defendant, upon which judgment was rendered.

It appears from the record that on the 30th day of October, 1876, W. W. House and Zeruah House, his wife, executed a chattel mortgage to the plaintiff upon a large amount of personal property, including "60 hogs will average 175 pounds each," to secure the payment of the sum

of $490.50.  The mortgage was acknowledged by W. W. House as required by the statute in force at that time, but not by his wife, and was filed for record November 6, 1876. The testimony shows that this mortgage was made in good faith, the money being actually paid.  It was made to secure the note of House and wife due in three months from date, and authorized the mortgagees to take possession. The testimony tends to show that the mortgage was delivered and the money paid in the office of L. C. Burr, and that a portion of the money was paid to him to satisfy a mortgage in favor of Mrs. Kennard and one to R. E. Moore, the mortgage of Moore being upon a portion of the hogs afterward mortgaged to Mrs. Stuart.  On the 3d day of November, 1877, the mortgage was refiled for record, with a statement that the interest had been paid to July 29, 1877. There is testimony tending to show that the hogs mortgaged were kept in a pen by themselves.  On the 3rd day of December, 1877, an execution on a judgment in favor of Leighton & Brown and against W. W. House, was by the direction of Burr levied upon 57 of the hogs in question to satisfy said judgment.  Zeruah C. House thereupon instituted proceedings for a trial of the right of property under the statute, and verdict and judgment were rendered in her favor, but the plaintiff in the execution gave an indemnifying bond and caused 34 head of said hogs to be sold and the same were purchased by Burr for Leighton & Brown.  What became of the other hogs levied upon does not appear.  One Alexander had a mortgage upon the hogs in question made by Zeruah C. House to secure the sum of $50.  The hogs were sold subject to this mortgage, but Mr. Burr, according to his statement, was entirely ignorant of the plaintiff's mortgage.

After the hogs were sold the plaintiff took out a writ of replevin and reclaimed the property, and the contest in this case is between the mortgagee and execution creditors. The plaintiff claims the property upon two grounds, either

of which being found in her favor will entitle her to recover.

*First.* That Mrs. House was the owner of the property levied upon, and therefore it was not liable for the debts of her husband. There is a large amount of testimony tending to show that such was the fact, and the jury would have been justified in so finding. Undoubtedly one cause of the failure to do so was the exclusion of the chattel mortgage made by her to the plaintiff, upon the ground that it was not acknowledged. There was testimony tending to show that Mr. Burr had actual notice of this mortgage at the time of the levy, sufficient to submit the question to the jury as to his knowledge. But the exclusion of this mortgage is not assigned in the petition in error. The question therefore cannot be considered.

The second question relates to notice to the execution creditors of the plaintiff's mortgage. That Mr. Burr, the creditor's attorney and agent, who went upon the ground, pointed out the property and directed a levy thereon, had actual notice of this mortgage at the time he caused the execution in question to be levied, is clearly and fully proved by the decided weight of testimony, and that he had constructive notice from the record is undeniable. This being so the plaintiff's rights are entirely unaffected by the sale of the property to Leighton & Brown. The plaintiff was therefore entitled to the possession of the property at the commencement of the action.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.