F. R. KINGSLEY V. JOHN T. McGREW ET AL.

FILED JUNE 3, 1896.   No. 6643.

1. Conditional Sales: PAYMENT ON DELIVERY: WAIVER. Where goods are sold to be paid for on delivery, an absolute and unconditional delivery of the goods by the vendor to the vendee without exacting payment passes the title and waives the condition. *Sutro v. Hoile*, 2 Neb., 186, followed.

2. ——: ——: ——. Therefore, where corn was sold to be paid for on delivery, and it was placed with the vendor's knowledge and consent into bins of the vendee and there mingled with a mass of corn belonging to the vendee, the vendor lost his right to reclaim the corn for non-payment.

3. ——: ——: REPLEVIN. Where a vendor seeks to reclaim goods sold by him on condition of immediate payment, his right is in any case limited to a reclamation of the specific goods by him sold. He cannot possess himself under such claim of an equivalent quantity of similar goods with which the goods by him sold have been commingled with his knowledge and consent.

4. Sales: FRAUD: RIGHTS OF CREDITORS. Unsecured general creditors of a vendor cannot be heard to assert a right which the vendor may possess to rescind his sale for fraud inducing thereto.

5. Replevin: SALES. A creditor may not possess himself of his debtor's property in the hands either of the debtor or the debtor's vendee and plead the indebtedness in defense of such possession.

ERROR from the district court of Phelps county. Tried below before BEALL, J.

*A. H. Burnett* and *G. Norberg*, for plaintiff in error.

*Rhea Bros., contra.*

IRVINE, C.

In 1891 and the early part of 1892 a partnership known as C. G. Sprague & Co. was engaged in buying corn. A portion of its business was conducted at Holdrege. It became indebted to F. R. Kingsley & Co., bankers doing business at Minden, in a large sum of money, and on the 17th of February, 1892, executed to F. R. Kingsley, a member of the firm of bankers, a bill of sale of all corn in store owned by Sprague & Co., in the city of Holdrege, describing the corn as consisting of about 1,300 bushels, and then situated in a certain building particularly described. The bill of sale was executed at Minden and an agent of Kingsley & Co. went immediately to Holdrege, where Sprague & Co.'s agent made, on the night of the 17th, a constructive, if not an actual, delivery of the corn. The agent of Sprague & Co., whose name is Scranton,

was then employed on behalf of Kingsley & Co. to take charge of the corn. The following day the bill of sale was filed for record in the county clerk's office and it seems that some acts of ownership were exercised on behalf of Kingsley that day. On the 19th of February, however, it was discovered that McGrew, who had been in the employ of Sprague & Co., was engaged in removing the corn from the bins in which it had been stored. Kingsley then instituted this action in replevin to recover the corn. The action was brought for the whole mass of corn, McGrew seeming to have established himself in possession of the whole. Subsequently George Rowland, J. W. Kramer, and John Miller intervened in the action, claiming the corn. There was a verdict for the defendants assessing the value of their possession at $191.48, on which verdict judgment was entered in favor of McGrew, Kramer, and Miller.

We think the verdict was not sustained by the evidence, a question raised by proper assignments of error. The evidence is uncontradicted that there was an actual transfer from Sprague & Co. to Kingsley. The petition alleges an absolute sale, and the evidence tends to support this averment. It may have been intended as a mortgage, but no question is raised on the ground of a variance, and whether the transaction was a sale or mortgage it was, in either event, binding as between the parties. Considered as a sale, whether or not there had been an actual delivery to Kingsley, there was a sufficient memorandum to satisfy the statute of frauds. The plaintiff therefore made out a *prima facie* case and was entitled to a verdict unless the defendants showed a better title, or established a right to impeach the conveyance. The claim of the intervenors was founded upon the fact that each of them had sold corn to Sprague & Co., a portion of which had not been paid for. Their contention is that their contracts with Sprague & Co. were for payment on delivery of the corn, and that Sprague & Co. not having paid on delivery, the title did not pass. It is

a general rule of law that where goods are sold on condition of being paid for on delivery, an absolute and unconditional delivery of the goods by the vendor to the vendee without exacting payment passes title and constitutes a waiver of the condition. This rule has been recognized by this court. (*Sutro v. Hoile*, 2 Neb., 186.) In avoidance of the operation of this rule the defendants contend that their contracts were made with McGrew, representing Sprague & Co.; that their delivery of the corn was to McGrew, and that it was not to pass into the possession of Sprague & Co. until payment was made, and that McGrew's action in repossessing himself of the corn was in pursuance of that understanding. Unfortunately for this contention the corn was hauled to Holdrege in some instances by the vendors themselves, and in all instances with their knowledge, and placed in the bins of Sprague & Co., together with other corn which had been bought and paid for by Sprague & Co., and which was undoubtedly in their possession. There is also other evidence tending to show that the vendors intended at the time that the delivery should be complete and unconditional. The evidence is entirely insufficient to warrant a finding that the delivery was to McGrew as the vendor's agent, that it was conditional upon immediate payment, or that any lien had been reserved. But aside from this feature, if the vendors retained the title or retained a lien, it was upon the specific corn which each had sold and which had not been paid for. They had no right to reclaim an equivalent number of bushels out of a large quantity of corn in bulk, as they are here attempting to do.

It is contended that as a part of the contract whereby the transfer was made by Sprague & Co. to Kingsley, Kingsley promised Sprague & Co. to pay for the corn which had been delivered and which Sprague & Co. had not paid for, and there is evidence tending to support that contention; but it is wholly irrelevant to the issues in this case. If Kingsley & Co., or Kingsley, had made

any such contract, it would not operate to reinvest the vendors with the title with which they had parted, nor would it create a lien upon the corn which they had sold; much less would it pass to them the title or create a lien in an equivalent amount of corn in bulk with which the corn they sold had been commingled by their own acts and with their knowledge and consent. The facts referred to if established might render Kingsley liable for the purchase price of the corn; but they would not defeat Kingsley's title or right of possession, which are the questions in issue in this action.

Another contention is that the transfer from Sprague to Kingsley was fraudulent. There is no evidence that it was made with any intention on the part of Sprague & Co. to hinder, delay, or defraud their creditors, and indeed the defendants do not contend that any such intention existed. Even if the transaction were fraudulent in that manner, they have not established any lien as creditors which would enable them to take advantage of the fact. The argument is, however, that there was an agreement whereby Kingsley & Co. were not only to pay Sprague & Co.'s debts as a portion of the consideration, but they were not to take possession of the corn and they were to permit Sprague & Co. to continue the business. It is contended that their subsequent acts showed that they did not at the time intend to perform these agreements. The legal inference from these facts, if they existed, is that Sprague & Co. have a right of action against Kingsley & Co. for their breach of the contract, or perhaps, if they should so elect, a right to rescind; but the defendants are on this state of facts again confronted with the difficulty that they have no lien which permits them to set up the rights of Sprague & Co. as against the plaintiff. The election to rescind would belong to Sprague & Co., and not to unsecured simple contract creditors, in the absence of proper legal proceedings to assert their rights as creditors. In other words, whether there was fraud such as to avoid the transaction

State v. Beall.

on behalf of creditors, or whether there was fraud on the part of the vendee inducing the sale, in either event a general creditor would have no right to take the law into his own hands, seize a certain portion of his debtor's goods and defend an action of replevin on that ground, either as against the vendor or the vendee. A creditor may not possess himself of his debtor's property and plead the indebtedness in defense of such act. (*Murphey v. Virgin*, 47 Neb., 692.)

There are other assignments of error based on the facts that the intervenors asserted a common claim and proved several claims, if any; that the verdict was in favor of all the defendants for the total of the sums due each; that the judgment was not in the alternative, as the law requires, and was entered on behalf of only three of the defendants instead of according to the verdict on behalf of all. We deem it unnecessary, however, in view of the conclusion reached as to the sufficiency of the evidence, to consider these assignments.

REVERSED AND REMANDED.