JAMES J. SKOW v. JOSEPH L. LOCKE.

FILED NOVEMBER 16, 1904. No. 13,625.

Chattel Mortgage: SALE: CONVERSION. A mortgagee, after due notice, may sell a sufficient amount of the mortgaged property to satisfy the mortgage debt; but if he sell more than sufficient to satisfy the same and costs necessarily incurred, he will be liable for conversion of such excess. *Omaha Auction & Storage Co. v. Rogers*, 35 Neb. 61, followed.

ERROR to the district court for Gage county: JOHN S. STULL, JUDGE. *Affirmed.*

*Sackett & Spafford* and *E. O. Kretsinger,* for plaintiff in error.

*J. E. Cobbey, contra.*

LETTON, C.

This was an action of conversion brought in the district court for Gage county by Joseph L. Locke, defendant in error, as plaintiff, against James J. Skow, plaintiff in error, as defendant. The petition, in substance, alleged that on and prior to the 19th day of March, 1900, the plaintiff was the owner of certain personal property in the petition described; that the property was reasonably worth $1,500; that on or about the 19th day of March, 1900, the defendant, James J. Skow, unlawfully took and

illegally and wrongfully converted the same to his own use, to plaintiff's injury and damages in the sum of $1,500, wherefore plaintiff prays judgment, etc. The defendant answered, pleading a prior adjudication in the district court for Gage county between the same parties for the same property, whereby the ownership and right of possession of the same property was finally adjudicated in favor of the defendant James J. Skow; that the judgment in said case is *res adjudicata,* and the plaintiff is estopped from bringing this action. He further denied generally every allegation in the plaintiff's petition. The reply was a general denial and a special denial of a former adjudication, coupled with a demurrer to the answer. Upon the issues thus made up, the cause was tried to a jury, and verdict and judgment rendered against the defendant therein, James J. Skow.

The evidence shows the following facts: That on the 1st day of June, 1898, Locke executed and delivered to Skow a chattel mortgage upon the property described in the petition to secure an indebtedness of $1,132. On the 19th day of March, 1900, claiming a default in the conditions of the mortgage, Skow began an action in replevin in the county court of Gage county to obtain possession of a large part of the goods and chattels described therein. This case was tried in the county court, and afterwards appealed to the district court; the trial in that court resulting in a verdict which found that the right of possession of the property in controversy was in Skow at the beginning of the action, and found the value of his special ownership of the property at that time to be $36.95, and his damages for the detention of the property to be one cent. No motion for a new trial having been filed, a judgment was entered upon this verdict. No proceedings in error were brought and the judgment is final. A few days after this judgment was rendered, this action was commenced. The defendant contends that conversion was not the proper form of action, and that the action should have been for an accounting; that the right of possession

was in him at the time the action was begun and had been so adjudicated, and that the court erred in its instructions to the jury and in the admission of evidence.

1. The court instructed the jury at the request of the plaintiff below as follows: "7. The jury are instructed that the verdict and judgment in the replevin case offered in evidence do not constitute a bar to this action," to which exception was taken; and refused to instruct the jury at the request of the defendant Skow, that if they found that the right to the possession of the property in controversy was adjudicated and found to be in the defendant Skow by the former judgment of the court, then they should find for the defendant upon the items which were in controversy in both cases, to which refusal the defendant excepted.     The court, however, further instructed the jury at the plaintiff's request as follows: "5. The court instructs the jury that in this case both parties are bound by the verdict and judgment rendered in the replevin suit testified about, and by the amount found to be due upon the chattel mortgage from Locke to Skow, to wit, $36.95, and one cent damages.   And if the jury believe from the evidence that said defendant Skow took and sold under his said chattel mortgage property more than sufficient to pay the said amount of $36.95 and one cent damages so due him, together with the reasonable expenses of taking and selling enough property to satisfy his said claim and such expenses, if any such expenses have been proved, then the jury will, from the evidence before them, find the reasonable value of all the property taken under said chattel mortgage at the time taken, and from such amount deduct the said amount of $36.95 and one cent damages and the amount of such reasonable expenses as above defined, if any such are proved, and find the balance with interest thereon from the date of such sale at the rate of seven per cent. up to the first day of the present term of this court, on September 14, 1903, as the amount due to Locke from defendant Skow upon the property included in said mortgage.   And your verdict

will be for said amount together with. any other amount you may find to be due under these instructions and the evidence." Defendant excepted to the giving of this instruction. From the statement of facts recited, it will be seen that at the time alleged in the petition as that upon which the conversion took place, to wit, on or about the 19th day of March, 1900, the plaintiff in error, Skow, was entitled to the possession of the property, and that this right of possession was conclusively established in him by the verdict and judgment of the court. The evidence shows, however, that the value of his special ownership was $36.95, and that he had in his possession property to the value of several hundreds of dollars belonging to the defendant in error.

In *Omaha Auction & Storage Co. v. Rogers,* 35 Neb., 61, this court held as follows: "A mortgagee, after due notice, may sell a sufficient amount of the mortgaged property to satisfy the mortgage debt; but if he sell more than sufficient to satisfy the same and costs necessarily incurred, he will be liable for conversion of such excess." Citing *Charter v. Stevens,* 3 Den. (N. Y.) 33.

The New York case was an action of trover for a horse which the defendant took from the plaintiff's possession under a chattel mortgage. The mortgage had not been fully paid when the property was taken. After the defendant had taken the property, he sold it at auction under the mortgage in several parcels, the horse in question being the last which was sold, and it appeared that before the sale of the horse enough had been raised by the prior sale to pay the balance due on the mortgage with interest and expenses. Defendant insisted that the defendant's title to the property had become absolute at law on account of the nonpayment of the mortgage debt. The trial judge charged the jury that, although the taking of the property was lawful, yet, since at the time of the sale of the horse enough had been realized to satisfy the debt and expenses, such sale was a conversion of the horse; and the supreme court affirmed the case.

Skow v. Locke.

It did not appear at the trial of the instant case what particular items of property were first sold by the defendant, or that the provisions of the statute providing for the foreclosure by sale of property covered by chattel mortgages had been complied with.   If the evidence had disclosed that the foreclosure proceedings had been had in all respects as provided by law, and if the identity of the property which had been sold before the amount necessary to pay the debt, interest and expenses had been realized had been shown, the instruction complained of would have been erroneous, since it was only the property remaining that defendant could have converted; but when such facts are not shown, then the rule laid down in the instruction is correct, and the defendant will be held to have received market value for the property he sold and applied in payment of the mortgage debt and will only be allowed to deduct the amount of his debt, interest and costs of sale from the market value of the entire property. When the defendant had sold enough property to pay the balance of $36.95, with interest, and the reasonable expenses of the sale, he had no further right or title to the plaintiff's property, and became a trespasser at once.   It was his duty to return the unsold property to the true owner.   An appropriation of it to his own use thereafter was a conversion for which an action will lie.

2. As to the former adjudication, it was immaterial in the case, except to settle that the defendant had the right of possession of the property until his special interest in the property, which was ascertained to be $36.95, was paid.   The status of the parties with reference to the right of possession of the property was just the same as if no adjudication had been had and there was still $36.95 unpaid upon the mortgage debt.   The defendant had the right to the possession of the property until the debt was paid and no longer, and this was in effect what was adjudged in the replevin case.

3. We have examined the other assignments of error and find no error prejudicial to the defendant.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.