EMIL LUSCH, APPELLANT, V. HUBER MANUFACTURING COM-PANY, APPELLEE.

FILED MAY 10, 1907. No. 14,796.

Trover: DAMAGES   In an action by a mortgagor to recover damages for the conversion of personal property by a mortgagee who forcibly took possession of the property after default in the payment of the debt secured by the mortgage, the measure of damages is the difference between the value of the property and the amount due upon the indebtedness secured by the mortgage.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*J. L. Saunders,* for appellant.

*Field, Ricketts & Ricketts, contra.*

EPPERSON, C.

Plaintiff seeks to recover damages for the alleged conversion of personal property which he had conveyed by chattel mortgage to defendant to secure an indebtedness. Upon default in payment, defendant took possession and

sold the property under the mortgage.  At the trial plaintiff contended: (1) That the chattel mortgage was materially altered and void; and (2) that defendant obtained possession of the property by duress.  The court submitted the first theory under instructions not assailed on this appeal, but refused the instructions tendered by plaintiff submitting his second theory to the jury.  A verdict was returned for defendant, and plaintiff appeals.

Did the court err in refusing plaintiff's tendered instructions submitting his second theory to the jury?  The sheriff, acting as defendant's agent, exhibited a copy of the mortgage to plaintiff and demanded possession.  Plaintiff testified that he surrendered the property because the sheriff threatened to arrest him if he refused.  This, if true, may have amounted to an unlawful or forcible taking of the property; but plaintiff further contends that he is entitled to recover the full value of the property, and the instructions which he requested so state.  We are of opinion that plaintiff was not entitled to recover the full value of the property taken under the mortgage, and hence the trial court was not in error in refusing the tendered instructions.  Defendant was entitled to the possession of the property for the satisfaction of its indebtedness, and plaintiff's measure of damages for the taking of the property, if wrongful, was the difference between the amount due on the mortgage and the value of the property. *Skow v. Locke,* 72 Neb. 681.  In *Kilpatrick v. Haley,* 13 C. C. A. 480, it was held that the forcible seizing and removing of property by a mortgage was wrong and rendered him liable for whatever damages were thereby occasioned, even though he has a superior lien upon the property. The court said: "This view of the case entitled the plaintiff to recover, on account of the wrongful taking of the mortgaged property, whatever sum it was worth, over and above the amount of the second chattel mortgage, which was owned by the defendant."  Plaintiff cites *Murphey v. Virgin,* 47 Neb. 692; *Kingsley v. McGrew,* 48 Neb. 812; *German Nat. Bank v. First Nat. Bank,* 55 Neb. 86, in sup-

port of his contention. These cases are not in point, because the money or property in controversy was not claimed under a specific lien. We think the instructions requested by plaintiff omitted to state the correct measure of damages, and it was not error to refuse to give them.

There are other errors assigned as to the refusal to give instructions and the exclusion of evidence. We have examined the record carefully with reference to each assignment, and find no error.

It is recommended that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.