LIMA MACHINE WORKS, a CORPORATION, RESPOND-
ENT, *v.* ELIAS H. PARSONS AND ANOTHER,
APPELLANTS.

CONDITIONAL SALE.—CHATTEL MORTGAGE.—Under 2 Comp. Laws
1888, § 2814, which declares that the provisions of the chattel
mortgage act shall not apply to conditional sales of railroad
equipment and rolling stock, a conditional sale of a locomotive
is valid, as against the vendee's creditors, though it is not
executed and recorded as chattel mortgages are required to be.

(No. 433.   Decided June 4, 1894.   37 P. R. 244.)

APPEAL from the district court of the fourth judicial
district, Hon. James A. Miner, *Judge.*

Action by the Lima Machine Works against Elias H.
Parsons and another for the conversion of a locomotive
steam engine.   From the judgment for plaintiff, defend-
ants appeal.   *Affirmed.*

*Messrs. Kimball & Gilbert* and *Mr. E. M. Allison, Jr.,*
for appellants.

The contract between the parties was in effect a chattel
mortgage, but is not executed as required by 2 Comp.
Laws 1888, § 2801.   The contract taken as a whole,
shows it is not a conditional sale.   *Herryford* v. *Davis,*
102 U. S. 235; *Harvey* v. *Locomotive Works,* 93 U. S. 664.

*Messrs. Brown & Henderson,* for respondent.

The contract is not in effect a chattel mortgage, but is
a conditional sale in the form of a lease and falls squarely
within the provisions of 2 Comp. Laws 1888, § 2814.   It
is now well settled that a conditional sale is valid in this

territory.   The case of *Harkness* v. *Russell,* 4 Utah, 197,
S. C. 118 U. S. 663, is entirely and absolutely decisive in
this case.   The contract for a conditional sale is often in
the form of a lease.   3 Am. & Eng. Ency. of Law, 426–7,
note 5; *Meyer* v. *Car Co.,* 102 U. S. 1; *Kohler* v. *Hays,*
41 Cal. 455.

SMITH, J.:

This is an action of conversion, brought by the plaintiff,
a corporation, against the defendants, to recover the value
of a certain locomotive engine which was seized by defend-
ant while acting as United States marshal for Utah.   Such
seizure was made under an attachment duly issued in a
suit of the First National Bank of Ogden against the
Ogden City Railway Company.   There is no dispute but
that the Ogden City Railway Company obtained possession
of the engine, for the conversion of which this suit is
brought, from the plaintiff, under and by virtue of a writ-
ten contract, which was as follows:

"Exhibit A.   This indenture made this 28th day of Feb-
ruary, A. D. 1890, between the Lima Machine Works, of
Lima, Allen Co., Ohio, a corporation duly chartered under
the laws of the state of Ohio, party of the first part, and
the Ogden City Railway Co., of Ogden City, in the county
of Weber, and territory of Utah, party of the second part,
witnesseth, that the said party of the first part hath let,
and by these presents doth let, unto the said Ogden City
Railway Co., party of the second part, one Shay patent
locomotive engine, weighing about twenty tons, in working
order, and built with three cylinders, 8-inch bore and 8-
inch stroke, and all complete, with all fixtures belonging
thereto, for the term of four months from the date of
shipment of locomotive from Lima, and for the sum of
four thousand ($4,000) dollars, to be paid in the following
manner, to-wit:   One thousand ($1,000) dollars on ship-

ment of locomotive from Lima; one thousand ($1,000) dollars sixty days after arrival of locomotive at Ogden; and the balance, two thousand ($2,000) dollars, one hundred and twenty days after arrival of locomotive at Ogden, Utah. Subject to an extra charge for pilot and drawhead at each end, and extra headlight.

"And it is further agreed by and between the parties to these presents that if default be made in the payment of the first or any of the above installments, or if the said party of the second part shall undertake to dispose of said Shay patent locomotive, or if the same shall be attached, levied upon, or taken by a third party, then it shall be lawful for, and the party of the first part may, re-enter into full possession of said Shay patent locomotive, take away, repossess, and enjoy the same, as though these presents were not made, but that the re-entry by said party of the first part, and repossession of said Shay patent locomotive, shall not operate as a payment of the indebtedness of the said party of the second part above contracted, nor discharge said party of the second part from liability for the same; but the said party of the first part shall have the right to dispose of the said Shay patent locomotive at public or private sale in good faith, and after payment of costs, and expenses of said sale, and the other expenses growing out of the default of said party of the second part, shall credit the net proceeds thereof upon the indebtedness of the said party of the second part, and if the same shall not be sufficient to pay the full amount of said indebtedness of the said party of the second part it shall be liable for balance thereof; and the party of the second part covenants and agrees that the said Shay patent locomotive shall be taken to Ogden City, territory of Utah, county of Weber, and there placed upon the Ogden City Railway, at Ogden, in the territory of Utah, and there kept and used, and not removed from the possession and

control of the said party of the second part without the written consent of the party of the first part thereto first had and obtained, and at the expiration or sooner determination of the said term they will quit and surrender the said Shay patent locomotive in as good condition as reasonable wear and use will permit; and the said party of the first part hereby covenants and agrees that the said party of the second part, on paying the above-specified installments, and performing the covenants aforesaid, shall and may peacefully and quietly have, hold, and enjoy the said Shay patent locomotive for the said term. And the party of the first part hereby covenants, promises, and agrees to and with the said party of the second part that if the said party of the second part shall well and truly keep the covenants within made, shall make no default in the payment of the aforesaid installment as the same shall become due and payable, and if this lease shall not be determined sooner, by consent or otherwise, that the said party of the first part will make, execute, and deliver to the said party of the second part a good and sufficient bill of sale for said Shay patent locomotive, the consideration whereof shall be the amount of the above-named payments received for said term, making in all the sum of four thousand ($4,000) dollars, lawful money, payable at office of party of the first part, in Lima, Ohio. Witness our hands and seals the day and year aforesaid. Witness: Ogden City Railway. [Seal.] B. N. Call. By A. H. Swan [Seal.] Superintendent."

The cause was tried to a jury, who returned a verdict in favor of the plaintiff. A motion for a new trial was overruled, and defendant appeals from both the judgment and order.

The only error relied upon here, and presented for our consideration, is whether or not the court below erred in holding that the contract above set out was a conditional sale or lease, under which the plaintiff's title to the engine

did not pass until it was paid for.    The defendants contend that the writing was absolutely void, as to creditors of the railway company, because it was not executed and recorded as required by section 2801, Comp. Laws Utah, relating to chattel mortgages.   We think that section does not apply to contracts like the one under consideration. Section 2814 of the Compiled Laws, being the last section of the chapter on chattel mortgages, is as follows:   "This act shall not apply to contracts made by any railway company owning or operating a railway in this territory, for the possession, use and conditional purchase of rolling stock and equipment to operate such railway    *    *    * and such contracts shall be valid as to all persons without recording the same."   The case at bar is certainly squarely within the exception made by this section.    The doctrine that conditional sales of personal property are valid is fully established in this jurisdiction.   See *Hirsch* v. *Steele* (decided at our last term), *ante,* p. 18 (36 Pac. 49), and *Russell* v. *Harkness,* 4 Utah, 197, 7 Pac. 865; Id. 118 U. S. 663, 7 Sup. Ct. 51.   We are of opinion that the court below committed no error, and the judgment and order appealed from are affirmed.

MERRITT, C. J., and BARTCH, J., concur.