DAVID VAN SCHAICK, Respondent, *v.* CHARLES H. RAMSEY, as Executor, etc., of JOSEPH H. RAMSEY, Deceased, Appellant.

*Pledge — conversion by the pledgee — pledgor entitled to recover only his actual damages.*

Where a pledgee tortiously sells the pledge or otherwise wrongfully puts it out of his power to return it, the pledgor's right of recovery is clear; but in such an action the pledgee has a right to have the amount of a debt which he holds against the pledgor deducted in considering the amount of damages.

In an action brought to recover damages for the alleged conversion of certain stock, it appeared that the plaintiff executed an instrument by which he agreed

to sell to one Joseph H. Ramsey 100 shares of the stock of a corporation within one year at the par value of $100 per share, the scrip to be issued to Ramsey for the plaintiff and to be used as collateral security to raise $5,000 for the use of the said corporation upon the plaintiff's account; further, that if Ramsey did not elect to buy the scrip, representing the stock, it should be transferred to the plaintiff; Ramsey also executed an instrument of even date which recited that the stock had been issued to him in pursuance of the foregoing agreement. Subsequently Ramsey pledged the stock to George Westinghouse, Jr., for $5,000, and paid the proceeds to the corporation as agreed, and thereafter sold the stock to Westinghouse for $5,000 more, receiving from him in all the sum of $10,000.

*Held*, that, if the absolute transfer to Westinghouse was a conversion, the plaintiff was, nevertheless, entitled to receive only indemnity for his actual injury;

That as Ramsey was authorized to pledge the stock for $5,000 and had done so, paying the amount to the corporation for the account of the plaintiff, this was, in effect, a payment to the plaintiff, and the latter could recover of Ramsey, or of his estate, only the balance which Ramsey had received from Westinghouse, to wit, the sum of $5,000.

APPEAL by the defendant, Charles H. Ramsey, as executor, etc., of Joseph H. Ramsey, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 6th day of December, 1893, upon the report of a referee.

The action was brought to recover damages alleged to have resulted from the conversion of certain shares of stock by the defendant.

*Isaac H. Maynard*, for the appellant.

*William F. Beutler*, for the respondent.

PUTNAM, J.:

On the trial plaintiff read in evidence a contract made between him and defendant's testator in two parts, marked "A" and "B," of which the following is a copy:

### PLAINTIFF'S EXHIBIT "A."

"For value received and in consideration of one dollar, in hand paid me by Joseph H. Ramsey, of Howe's Cave, N. Y., I, David Van Schaick, late or at present of Albany, hereby agree with the said Ramsey to sell him at his option one hundred shares New York and Montana Mining and Milling Company stock, at any time

he may elect to buy the same within one year from this date, at par value of one hundred dollars for each share. The scrip for the same shall be issued by the company to the said Ramsey for me, to be used as collateral to raise five thousand dollars for the use of the company on my account. If the said Ramsey does not elect to buy the stock, the scrip for the same shall be transferred to me.

" DAVID VAN SCHAICK.

" Dated *July* 27*th*, 1885."

### PLAINTIFF'S EXHIBIT " B."

" Whereas, one hundred shares of the New York and Montana Mining and Milling Company stock has been issued to me by the said company in pursuance of an agreement of this same date between David Van Schaick and myself. The stock is to be used as collateral to raise five thousand dollars for the use of the company on his account. In case the said one hundred shares are not purchased by me as provided in the said agreement, the scrip for the same is to be transferred to the said Van Schaick.

" Dated *July* 27*th*, 1885.          J. H. RAMSEY."

It was admitted that the New York and Montana Mining and Milling Company issued stock certificate No. 9 for 100 shares dated July 27, 1885, to Joseph H. Ramsey, the defendant's testator, and that the defendant's testator subsequently thereto sold and transferred the said certificate, and the stock therein called for to George Westinghouse, Jr., of Pittsburgh, Penn., and received therefor ten thousand dollars ($10,000). It also appeared that after the agreements A and B were executed defendant's testator transferred the stock therein described to George Westinghouse, Jr., as collateral for a loan of $5,000, which sum he received and paid to the New York and Montana Mining and Milling Company.

Afterwards Ramsey transferred the stock, absolutely, to Westinghouse. The latter paid him $10,000 for the stock; $5,000 when it was placed with him as collateral and $5,000 afterwards when the absolute transfer was made.

Plaintiff claimed that by the transfer of the stock to Westinghouse Ramsey unlawfully converted it; the referee so found and awarded judgment against the defendant for $10,000, the par value of said stock, with interest and costs.

Sedgwick, in his work on the Measure of Damages (7th ed. vol. 2, p. 391, m. p. 481), says : " There are many cases, however, where the plaintiff, though entitled to recover, is not at liberty to receive the full value of the property. So, in cases of pledge, if the pledgee tortiously sell the pledge, or otherwise wrongfully put it out of his power to return the article pledged, the pledgor's right of recovery is clear ; but the pledgee in such action has a right to have the amount of his debt recouped in the damage." (See, also, *Baltimore Marine Ins. Co.* v. *Dalrymple*, 25 Md. 269–307 ; *Wheeler* v. *Pereles et al., Exrs.*, 43 Wis. 332 ; *Belden* v. *Perkins*, 78 Ill. 449 ; *Gruman* v. *Smith*, 81 N. Y. 25 ; *Smith* v. *Reeves*, 33 How. Pr. 183.)

In the case under consideration, assuming that Joseph H. Ramsey by the absolute transfer of the stock to George Westinghouse, Jr., converted it, and hence that the plaintiff was entitled to recover, yet, as in the case of a pledgor, his recovery should not have exceeded the amount of his actual damage. He should only have been allowed to receive an indemnity for the actual injury.

Let us consider the situation at the time of the alleged conversion. Ramsey had then, as he was authorized to do under the contracts A and B, pledged the stock to Westinghouse to secure a loan of $5,000. He had received the money and paid it into the company for the plaintiff. Thus, in fact, Ramsey had paid plaintiff $5,000 on account of the stock by paying that sum to the corporation on his account. If then Ramsey had never made any subsequent transfer to Westinghouse, and had concluded to take the benefit of his option to purchase under the contract, plaintiff having received $5,000 on account of the stock, Ramsey would only have been obligated to pay him the additional sum of $5,000.

Again, if there had been no subsequent sale by Ramsey to Westinghouse after the transfer of the stock to the latter as collateral for a loan of $5,000, and Ramsey had not elected to purchase the stock, before plaintiff would have been entitled to the retransfer from Westinghouse he would have been obligated to pay the latter the sum of $5,000 loaned upon the stock.

Before the alleged conversion plaintiff had received $5,000 on his stock collected and paid him by Ramsey. It is not alleged or claimed that he had ever repaid to Ramsey or Westinghouse the

amount so loaned.   We think plaintiff's real interest in the stock should be deemed to have been $5,000, and that his recovery should have been limited to that sum and the interest thereon.

If the judgment from which this appeal is taken is allowed to stand, the respondent will receive for the stock the amount of the judgment, $10,000, and interest, and also the $5,000 paid by Ramsey to the New York and Montana Mining and Milling Company on his account.   Although Ramsey lawfully obtained for and paid for plaintiff $5,000 on the stock before the alleged conversion, and although such conversion was of stock legally mortgaged for one-half its value, plaintiff by the judgment herein was allowed to recover the full value of the stock.

We think plaintiff's damages should have been limited to the actual amount of his interest in the stock at the time of the alleged conversion.

There are other questions raised which we do not think it necessary to consider or discuss.

For the reasons above suggested the judgment should be reversed, a new trial granted and the referee discharged, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, referee discharged, a new trial granted, costs to abide the event.