PAUL WOODS *vs.* WALTER G. NICHOLS.

PROVIDENCE—OCTOBER 12, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Trover and Conversion. Damages. Conditional Sales.*

A. leased a buggy to B. by written agreement which stipulated that B. might retain possession for thirty days for $155, paying $50 on the first

day and the balance on the last day of the term.  B. broke the conditions of the lease and sold the buggy to C., who in turn sold it to D.  In an action of trover against C. on the question of the measure of damages :—

*Held,* that testimony as to the value of the buggy at the time that C. converted it by taking possession was admissible.

Explaining *Woods* v. *Nichols,* 21 R. I. 537.

TRESPASS ON THE CASE for trover and conversion.  At the trial the defendant offered to show what the value of the buggy was at the time of the conversion.  The testimony was excluded.  For a former opinion in this case, see 21 R. I. 537.  Heard on petition of defendant for a new trial, and new trial granted.

(1)    PER CURIAM.  The opinion in this case, 21 R. I. 537, stated the general rule of the measure of damages to be the value of the property at the time of the conversion.  The opinion then provided for two contingencies :  First, in case the value proved to be less than the contract price, from use of the property which the plaintiff had authorized, he must suffer the loss as a consequence of his contract.  In other words, the plaintiff would then only recover the value at the time of the conversion.  Second, if the value proved to be more than the contract price, also by the contract he would be restricted to the balance due, instead of to the full value. In either case proof of the actual value at the time of the conversion, which was held to be the time when the defendant took possession, was admissible.

The court did not hold that the contract price was the value of the property, but only that the plaintiff's interest in it could not exceed that amount.

So much of the testimony offered by the defendant as related to the value of the buggy at a time after the conversion was rightly excluded, unless supplemented by testimony to show that it was then in the same condition.

Testimony as to the value at the time of conversion should have been admitted; but under a misunderstanding of the opinion, which, perhaps, was not sufficiently clear on this point, it was excluded.

Petition for new trial on assessment of damages granted, and case remitted.

*Henry Marsh, Jr.*, for plaintiff.

*Franklin P. Owen*, for defendant.