BRADLEY LAND AND LUMBER COMPANY et als.

*vs.*

EASTERN MANUFACTURING COMPANY.

Penobscot.    Opinion July 10, 1908.

*Trover.   Logging Permit.   Title to Logs Retained by Owner of Land.   Such Owner
Cannot Recover Full Value in Trover, When.   R. S., chapter 84, section 17.*

1.   It is only when the plaintiff has the sole right or interest in the property,
or is accountable therefor to some third party, that he can recover the full
value in an action of trover.   Whenever he would have to account to the
defendant or the defendant's vendor for the amount of the latter's interest
in the property, he can recover only the value of his own interest.

2.   When by the terms of a logging "permit" the land owner retains the title
to the logs until the operator shall have fully performed all his obligations,
but leaves to him the right to any balance of the proceeds of the logs after
deducting all sums due from the operator to the land owner under the per-
mit, the latter in an action of trover for the logs against the operator or
his vendee can recover only the amount so due him.

On exceptions by defendant.    Sustained.

Trover brought by the plaintiffs against the defendant to recover
the value of 9,555 spruce logs containing 869,470 board feet,
alleged to have been converted by the defendant.   These logs were
cut by one Charles W. Mullen on the plaintiffs' land, under a
written permit, and by him were sold to the defendant.   The
defendant seasonably notified Mullen to come in and defend the
action and he appeared and assumed the defense.   "The defendant
pleaded the general issue and a brief statement setting up the title
to the logs and lumber in Charles W. Mullen," and also stated
therein certain alleged facts in reduction of damages.

Tried at the October term, 1906, Supreme Judicial Court,
Penobscot County.   At the conclusion of the testimony, the presid-
ing Justice directed the jury to return a verdict for the plaintiff for
the value of the logs at the time of the conversion, and interest from

the date of the writ, amounting in all to $14,656.33. The defendant excepted to this ruling and also to certain rulings during the trial whereby certain evidence offered by the defendant was excluded.

The case is stated in the opinion.

*F. H. Appleton, and Hugh R. Chaplin,* for plaintiffs.

*P. H. Gillin, and J. F. Gould,* for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, CORNISH, KING, JJ.

EMERY, C. J.   The plaintiff land owners and Charles W. Mullen made an agreement in writing in the form known as a "permit," by which Mullen was to enter upon certain timber land of the plaintiffs and cut and remove therefrom and drive to market certain kinds of timber, and pay therefor a fixed stumpage price per M.   In the permit were various stipulations.   Mullen was to cut all the burnt timber on the land during the lifetime of the permit, and all the burnt timber left uncut was to be scaled and was to be paid for by Mullen according to the terms of the permit.   The stumpage was to be paid in full by July 1 of each year and all the other require-ments of Mullen in the permit were to be performed by him, and it was further stipulated that all the logs and timber cut on the land should remain the property of the plaintiffs until stumpage bills were paid "and all other matters pertaining to this license were fully adjusted ;" also that if all these were not done within ten days after July 1, the plaintiffs might "take possession of and sell at either public or private sale for cash any or all of the lumber cut under this permit wherever situated and whether manufactured or not, and after deducting reasonable expenses, commissions and all sums which may then be due or may become due from any cause whatever as herein expressed, the balance, if any there be, they shall pay over on demand to said grantee after a reasonable time for ascer-taining and liquidating all amounts due or which may become due either as stumpages or damages."

Under this permit Mullen entered on the land each year and cut and hauled and drove to market a quantity of logs and lumber. A part of these, viz. 9,555 spruce logs, he sold to the defendant.

The plaintiffs afterward, claiming that the stumpage had not been paid and other stipulations of the permit had not been performed, made a demand on the defendant for the logs, which not being complied with, they brought this action of trover against the defendant for conversion of the logs. Upon notice from the defendant, Mullen appeared and assumed the defense of the action.

At the trial the principal, if not the only, controversy was over the matter of the burnt timber named in the permit. The plaintiffs claimed that a large amount of burnt timber which Mullen was bound by the terms of the permit to cut and pay for, or bound to pay for if left uncut, was left uncut and not paid for. Mullen claimed that he had not left uncut any burnt timber within the terms of the permit. The defendant claimed and offered evidence to show that the full amount due the plaintiffs from Mullen for all damage of any kind due them under the permit was $5166.55 and asked to have the question of those damages determined in this action of trover. The court excluded the evidence and instructed the jury to return a verdict for the plaintiffs for the full value of the logs at the time of the conversion, and interest from the date of the writ, which amount was $14,656.33. To these rulings the defendant excepted.

To sustain these rulings we should need to hold that the transaction between the plaintiffs and Mullen as evidenced by the written permit was only a conditional sale to Mullen of the logs and lumber cut, hauled and driven to market by him under the permit, and that by his failure to perform in full by the time fixed any of the conditions of the sale, he forfeited and lost all interests and rights in the logs and lumber, and the plaintiffs could take them or recover the full value of them free from any obligations to Mullen. The decisions in *Brown* v. *Haynes*, 52 Maine, 578 ; *Hawkins* v. *Hersey*, 86 Maine, 394 ; and in other cases similar to them were made on that ground.

We think, however, that this case is not within the principle of those cases; that there is a wide difference between them. By the agreement in this case if the plaintiffs took the logs and lumber for non-performance of any condition in the agreement, they were to

sell them or account for them as sold, and pay over the proceeds to Mullen after deducting all amounts due them under the agreement. Mullen did not lose all interest and right in the logs and lumber he had cut, hauled and driven to market, even though he did not seasonably and fully perform some one of the terms of the contract. He retained the right that they should be sold or accounted for as sold, and that after deduction of all sums the plaintiffs were entitled to under the agreement, the balance should be paid to him. There were no logs nor lumber when the agreement was made. There were only trees annexed to the plaintiffs' realty. It was the purpose to have these made into logs and lumber and put in the market to the mutual profit of the parties. The spirit, the real nature, of their agreement was that Mullen should sever the trees from the land, convert them into logs and other lumber, and get them to market at his own expense, thus greatly adding to their value, and that the plaintiffs should retain the title simply as security for the payment of what might be, or become due them under the agreement. That amount, whatever it might be, with the right to enforce payment of it, was the full extent of their interest or property in the logs and lumber, and in an action of trover against Mullen, or his assignee or vendee, that is all they are entitled to recover, since that amount would fully idemnify them for the conversion. It is only when the plaintiff has the sole interest or right in the property, or is accountable therefor to some third party, that he can recover the full value in an action of trover. Whenever he would have to account to the defendant for the amount of the latter's interest in the property, he can only recover the value of his own interest. *Chamberlain* v. *Shaw*, 18 Pick. 278 ; *Fowler* v. *Gilman*, 13 Met. 267 ; *White* v. *Allen*, 133 Mass. 423 ; *Spoor* v. *Holland*, 8 Wend. 445 ; *Warren* v. *Vallily*, 13 R. I., page 487 ; *Ganong* v. *Green*, 71 Mich. 7. "If the plaintiff, having but a limited title brings his action against one having the remaining interest or against one claiming under such residuary owner, he can then recover only according to his interest." Southerland on damages (2nd. Ed.) sec. 1136, and cases cited. See also *Warren* v. *Kelley*, 80 Maine, 512. This rule of damages in such

cases is equitable and reasonable, since it saves the parties the expense, and the court the burden, of a second suit to compel an accounting and refunding in case a plaintiff should be recalcitrant; and also since under it the defendant would run no risk of the plaintiff's insolvency. In this case at bar we find no evidence of facts or conditions requiring a separate suit for the adjustment of the amount due the plaintiffs from Mullen under the permit, since he has come in and assumed the defense. So far as the defense in reduction of damages is equitable only, it was pleaded, and is available in this action under R. S., ch. 84, sec. 17; and whether legal or equitable the question of the amount or value of the plaintiff's interest in the property, so far as now appears, can be fully determined in this action. *Ganong* v. *Green*, 71 Mich. 7.

If difficulties develop requiring it, an auditor can be appointed, or the case held until other necessary proceedings are had. It may be that the whole amount due the plaintiffs from Mullen under all the terms of the permit would exceed the full value of the logs converted by the defendant. In such case the plaintiffs would be entitled to the full value, but the defendant has the right to be heard upon that question and have it determined before being condemned.

It follows that the ruling directing a verdict for the full value of the logs and excluding evidence as to the amount due the plaintiffs was erroneous, and that the exceptions to that ruling must be sustained. This makes it unnecessary to consider the other exceptions.

*Exceptions sustained.*
*New trial ordered.*