## WESTERN MACARONI MFG. CO. v. FIORE.

No. 2776.    Decided September 16, 1915.    (151 Pac. 984.)

1. CONTRACTS—MUTUALITY. A contract declaring that in consideration of the exclusive purchase from plaintiff of all the macaroni that defendant should use plaintiff agreed to sell macaroni at wholesale prices and to refrain from selling to other retail dealers and private consumers is not bad for want of mutuality; the two obligations being correlative. (Page 110.)

2. DAMAGES—"PENALTY"—CONSTRUCTION. Where a contract requiring defendant to make all purchases of macaroni from plaintiff forbade plaintiff from selling to other retailers, and also declared that plaintiff should at all times furnish defendant with such quantities of macaroni as might be desired and in case of default to pay $500 as damages, such provision is a penalty, and not liquidated damages; for, where an agreement imposes several distinct duties or obligations of different degrees of importance, and the same sum is named as damages for breach of either indifferently, the sum is to be regarded as a penalty. (Page 111.)

3. DAMAGES—STIPULATIONS FOR PENALTY. A stipulation for penalty in case of breach will not be enforced, and the party not in default will only be allowed to recover his actual damages. (Page 111.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by the Western Macaroni Manufacturing Company against Saverio Fiore.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Weber & Olson,* for appellant.

*Allen T. Sanford,* for respondent.

STRAUP, C. J.

The plaintiff and the defendant, at Salt Lake City, entered into this contract:

"This agreement made and entered into this 18th day of September, A. D. 1911, by and between the Western Macaroni Company, incorporated, of the first part, and Saverio Fiore, of the second part, both of Salt Lake City, Utah, witnesseth: That, in consideration of the exclusive purchase from first party by second party of all domestic macaroni that second party may handle in any way in his business as a retail dealer in said Salt Lake City, Utah, and in consideration of the mutual benefits to each moving, it is agreed on the part of the first party that it will for and during two years hence after this date furnish and sell to second party, at regular and wholesale prices the same as charged to other retail dealers, such quantities of macaroni as second party may require in his business, in boxes containing about eighteen pounds net weight, and of quality satisfactory to second party and in consideration of the premises the first party agrees not to sell to any private consumer or to any boarding house keeper in or out of the State of Utah, and also agrees not to sell to any other proprietor of an Italian store in Salt Lake City, Utah, directly or indirectly, any of its product without the consent of second party, and in default or violation thereof undertakes and agrees to pay to second party the sum of five hundred dollars ($500.00) as damages, in the premises, and

second party on his part agrees to buy from first party exclusively as above is suggested as the consideration hereof.''

The court found:

''That, in accordance with the terms of said contract the plaintiff sold and delivered to the defendant at Salt Lake City, Utah, during the months of July and August, 1912, macaroni of the value and contract price of $500, and said defendant has paid no part of said account and has refused to pay the same.

''That on or about the 24th day of August, 1912, the plaintiff, in violation of the terms of said contract, refused to furnish to the defendant macaroni which at that time was ordered by the defendant, and refused to furnish to the defendant any macaroni whatsoever, although the defendant demanded the same, and that by reason of the plaintiff's wrongful refusal to sell and deliver macaroni to the defendant it was necessary for the defendant to buy his macaroni elsewhere, and that during the remainder of the period of said contract the defendant needed for his business as was contemplated under the terms of said contract 1,500 boxes of macaroni, and the defendant was required to pay more for said macaroni, to his damage in the sum of $90.

''That the plaintiff did not sell merchantable macaroni to private consumers and boarding house keepers, though it did sell broken macaroni, as is usual and customary for the same to be sold, to private consumers, the same not being recognized on the market as merchantable macaroni, and the said plaintiff has sold macaroni to other Italian grocery stores in Salt Lake City, but has not sold any macaroni to any Italian stores in Salt Lake City to which the defendant had been selling macaroni, and the $500 damages provided to be paid under said contract were for punitive, and not liquidated damages.''

Judgment was thereupon rendered for the plaintiff for $500, less $90, and interest on that difference. The defendant appeals. His contention is that the $500 specified as damages in the contract ''should be regarded as fixed and ascertained damages, and not as a penalty,'' and that when the court found that the plaintiff sold macaroni, though broken, to private consumers, it ought to have allowed the

defendant $500 damages without proof of damages and regardless of the question of actual damages. The court, as seen, regarded the sum specified as a penalty, and awarded the defendant only his actual proven damages. That is the defendant's chief complaint. The respondent defends the ruling on two grounds: First, that the contract is ineffectual because it is not mutual; and, second, if the contract is mutual and valid, the court properly regarded the sum specified as a penalty, and not as liquidated damages. It is claimed that the contract is not mutual, because there is "no obligation assumed by, nor imposed upon, the defendant." We think the respondent in error as to this. We think the fair meaning of the agreement is that the plaintiff, for a limited period, agreed to furnish and sell, at the same price charged other dealers, such quantities of macaroni as the defendant might require in his business, might handle in any way in his business, and that the defendant agreed to buy exclusively from the plaintiff such quantities at such price. We think such a contract is not lacking in mutuality. *Cold Blast Transp. Co.* v. *Kansas City Bolt & Nut Co.*, 114 Fed. 77, 52 C. C. A. 25, 57 L. R. A. 696.

But we think the plaintiff is right and the defendant wrong as to the other point. The defendant in his brief says:

"If the $500 (specified in the contract as damages) applies to all of the provisions of the contract, we admit that it cannot be construed otherwise than as a penalty;   **2, 3** but it seems clear that $500 damage clause applies only to the agreement not to sell to any private consumer," etc.

It thus is argued that the language in the contract "and in default or violation thereof undertakes and agress to pay to the second party the sum of $500 as damages" refers only to defaults and violations of the plaintiff not to sell to any private consumer, or to any boarding house keeper, or to any proprietor of an Italian store. The general rule is that, where an agreement imposes several distinct duties or obligations, of different degrees of importance, and the same sum is named as damages for the breach of either indifferently, the sum is to be regarded as a penalty. 13 Cyc.

93; *Carter* v. *Strom*, 41 Minn. 522, 43 N. W. 394; *Raymond* v. *Edelbrock et al.*, 15 N. D. 231, 107 N. W. 194; *City of El Reno* v. *Cullinane*, 4 Okl. 457, 46 Pac. 510; notes 34 L. R. A. (N. S.) 23. When the question of whether a contract provides a penalty or liquidated damages is in doubt, the contract ordinarily will be regarded as providing a penalty. If the stipulation is a penalty, it, as such, will not be enforced, but simply the actual damages sustained, if less than the amount of the penalty. Notes 34, L. R. A. (N. S.) 4; *Raymond* v. *Edelbrock, supra; Stillwell* v. *Paepcke-Leicht Lumber Co.*, 73 Ark. 432, 84 S. W. 483, 108 Am. St. Rep. 42. We think the sum specified as damages is not to be restricted as contended for by the defendant, and that it is applicable to defaults and violations of all obligations and duties of the plaintiff, and applies to obligations and duties of different degrees of importance, and hence is to be regarded, as it was, a penalty. When, therefore, the defendant was awarded his actual proven damages for plaintiff's alleged and found breach, he was awarded all that he was entitled to.

The judgment is affirmed, with costs.

McCARTY, J., concurs.

FRICK, J.

I concur. I desire, however, to add a word to what is said by the CHIEF JUSTICE. While, in the absence of fraud or oppression, it is not the province nor the policy of the courts to interfere with competent persons to enter into proper contracts, but to permit them to determine for themselves what the consequences of any breach thereof shall be (*Dopp* v. *Richards*, 43 Utah, 332, 135 Pac. 98), yet, in the interest of justice and fairness, the courts have formulated and adopted certain rules by which it is made possible and in most cases practicable, where a specific sum is provided for in case of breach, to determine whether the sum named shall be treated as a penalty or as liquidated damages. Among those rules is one which is usually enforced which is to the effect that where, upon a consideration of all the terms of the contract which is alleged to have been breached, it is

doubtful whether the amount specified in the contract should be treated as liquidated damages or as a penalty, and it is possible to estimate and fix the damages for an alleged breach, then the courts will declare the amount specified a penalty and refuse to enforce it, but will limit the party who claims to have been injured to a recovery of his actual damages. 13 Cyc. 93.

Now, to say the least, it is quite doubtful whether, under the terms of the contract in question, the $500 named therein was intended as a penalty for every possible breach thereof, and for that reason, if no other, is the judgment right, and hence should be affirmed.