261 F.2d 130
 Dennis LYNCH, Appellant,
v.
Howard CALL, United States Marshal for the District of Utah, Appellee.
Howard CALL, United States Marshal for the District of Utah, Cross-Appellant,
v.
Dennis LYNCH and Earl D. Tanner, Cross-Appellees.
 No. 5861.
 No. 5860.
 United States Court of Appeals Tenth Circuit.
 October 28, 1958.
 
 Elias Hansen, Salt Lake City, Utah (W. R. Huntsman, West Jordan, Utah, was with him on the brief), for appellant and cross-appellees.
 Llewellyn O. Thomas, Salt Lake City, Utah (A. Pratt Kesler, Salt Lake City, Utah, was with him on the brief), for appellee and cross-appellant.
 Earl J. Groth, Salt Lake City, Utah, on brief for United States Fidelity & Guaranty Company, appellee.
 Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 In this case, the appellant Lynch sued Call, the United States Marshal for the District of Utah, for wrongful attachment of personal property. Call interpleaded the attorney for the attaching creditor.
 
 
 2
 This appeal and cross-appeal are from a summary judgment, after pre-trial conference, for nominal damages against the Marshal and dismissal of the complaint against the third party defendant.
 
 
 3
 The pre-trial conference developed these salient facts. Marshal Call levied an attachment on certain described personal property on January 28, 1956, then in the possession of debtor Rankin under a conditional sales contract from a partnership of which Lynch is the sole survivor. Debtor Rankin's interest in the property was extinguished by forfeiture on March 16. Thereafter on August 8, the partnership served written demand for release of the attachment on the third party defendant Tanner, and on August 18 or 19 made oral demand for release on a deputy marshal. Then on August 22, Lynch filed a motion in the then pending action against Rankin for dissolution of the attachment. That matter was heard on August 30, 1956, and the attachment was formally dissolved on the following November 20. No damages are claimed for the detention of the property until after August 18, 1956, when Lynch says he had an offer to rent the property for substantial sums.
 
 
 4
 On these facts and admissions, the trial court assumed the attachment to be originally valid under Truitt v. Patten, 75 Utah 567, 287 P. 175, but invalid and wrongful after debtor Rankin's interest was extinguished on March 16. It gave judgment against the Marshal for only nominal damages, however, based on a finding that at all times from the date of the attachment until its dissolution, third party defendant Tanner, as attorney for the attaching creditor, was "ready, willing and able to arrange with the court for delivery of possession of said equipment to plaintiff" to use as he saw fit, subject only to the creditor's technical rights under the attachment until final determination of the validity of the attachment.
 
 
 5
 The court reasoned that by refusing to accept possession and use of the equipment until the attachment was dissolved, Lynch failed to discharge his duty to mitigate his damages, wherefor he was entitled only to nominal damages.
 
 
 6
 Complaint is made of the refusal of the court to hold the attachment void ab initio under appellant's construction of the Truitt case, supra, to the effect that a tender of the amount of indebtedness under the conditional sales contract was essential to the validity of the attachment. But we have no occasion to resolve this disputed question of Utah law, for it is conceded that no damages accrued until after the offer to rent about August 18, long after the court found the attachment to be wrongful and actionable.
 
 
 7
 Of course, Lynch had the duty to minimize the damages by exercising due care to avoid the consequences of the wrongful attachment. 15 Am.Jur. Damages § 27; Annotation 33 A.L.R. 1479; 5 Am.Jur. Attachment § 1008; Restatement of Torts § 918; McCormick on Damages, § 33; Prosser, Law of Torts, 2d Ed. § 51. See cases and comment by Judge Brown in Southport Transit Co. v. Avondale Marine Ways, Inc., 5 Cir., 234 F.2d 947, 951; United States v. Brookridge Farm, 10 Cir., 111 F.2d 461. And, failing to so minimize precludes recovery of so much of the actual damages as could have been reasonably avoided.
 
 
 8
 It is undisputed that the attorney for the attaching creditor was "ready, willing and able" to deliver possession of the equipment to Lynch, subject only to the technical attachment. But the evidence is not unequivocal on the critical issue whether Lynch could have mitigated his damages by renting the property subject to the attachment. On the contrary, the proof on this record is to the effect that the prospective renter refused to rent the property, saying that he would not "touch that with that attachment because I am afraid to do it."
 
 
 9
 Thus, plaintiff-appellant claimed, and it was apparently undisputed, that he had an opportunity to rent the equipment on August 18. The appellee counters that he was at all times free to rent the property subject only to the technical attachment, and failing to do so, his damages are mitigated by the amount for which he could have rented it. The appellant rejoins that he could not have rented the property subject to the technical attachment and is therefore entitled to recover the rental value.
 
 
 10
 This left the factual issue whether the appellant could have rented the property subject to the technical attachment, either to the party with whom he was negotiating or for that matter any other party. If he could, he was under duty to mitigate his damage to that extent. If not, he was entitled to recover the amount for which he could have rented the equipment free of the wrongful attachment. These factual issues were not resolved on pretrial.
 
 
 11
 The salutary, indeed the desirable and efficacious, purpose of a pretrial conference is to sift the discovered and discoverable facts to determine the triable issues, both factual and legal, and to chart the course of the lawsuit accordingly. If, as is often the case, no disputed facts survive the pre-trial discovery and conferences, a summary judgment is timely and appropriate. Holcomb v. Aetna Life Ins. Co., 10 Cir., 255 F.2d 577. But where, as here, a genuine issue of fact emerges from the discovery and the conferences, the court is of course powerless to summarily resolve it. Alaniz v. United States, 10 Cir., 257 F.2d 108. We think a critical issue of fact did survive the conference.
 
 
 12
 In view of the disposition of the case in the trial court, there was no occasion to decide or consider the claim against the third party defendant, and we therefore have no occasion to consider it on cross-appeal, except to hold that the judgment of dismissal should be vacated for further consideration in the light of the ultimate decision in the primary action.
 
 
 13
 On cross-appeal, complaint is made of the denial of the defendant's motion to dismiss for failure of the plaintiff to comply with a Utah statute which provides that a plaintiff must file a bond guaranteeing costs and attorney's fees as a condition precedent to bringing suit against any "sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process" for actions arising out of the performance of their duty. Title 78-11-10, Utah Code Annot. 1953.
 
 
 14
 The appellee contends that United States marshals are included within the statute as other persons "charged with the duty of * * * service of civil process." No case is cited construing this statute or a comparable one, and we have found none. While there may be grounds for construing the statute to apply to common-law actions against federal marshals, we choose to accept the learned trial court's construction of a statute of its state.
 
 
 15
 The judgment on appeal is reversed, the judgment on cross appeal is vacated as to the third party defendant, and the case is remanded with directions to proceed in accordance with the views herein expressed.